RONALD Lee Adams CDCR# P65157.
Name and Prisoner/Booking Number

CALifoRNia State Prison SolcaJo
Place of Confinement

PO·Box 4000 — FACility D-22-1-00-800-5 Law
Mailing Address

VACAVille CA·95696-
City, State, Zip Code

(Failure to notify the Court of your change of address may result in dismissal of this action.)

# FILED

APR 27 2020

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD Lee Adams
(Full Name of Plaintiff)        Plaintiff,

v.

CALifoRNia DePartment of correctioNS
(1) Kathleen Allison-Secretary
(Full Name of Defendant)

(2) Judge Steven SUZuKAWA.

(3) Circuit court -O Scannlein, Leavy & NR-Smith

(4) CAL. District court
                              Defendant(s).
☑ Check if there are additional Defendants and attach page 1-A listing them.

2:20-CV-0858 ~~~ DB PC

CASE NO. _____
(To be supplied by the Clerk)

JURY Trial DemaNed

## CIVIL RIGHTS COMPLAINT
## BY A PRISONER

☑ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:

    ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983

    ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).

    ☐ Other: _____.

2. Institution/city where violation occurred: Folom State Prison, CALiforNia State Prison SACrAmento
WAsco State PrisoN, CALiforNia Men Colony, State PrisoN, CALiforNia State Prison CALiforNia

## B. DEFENDANTS

1. Name of first Defendant: _KAThLeen ALLISON_. The first Defendant is employed as:
   _Secretery_ ~~for~~ _at The CAL Dept of Corrections And RehAbilitation_
          (Position and Title)                             (Institution)

2. Name of second Defendant: _Steven SUZUKAwA_. The second Defendant is employed as:
   _SUPERIOR COUrt Judse_ at _SUPERIOR Court of CALifornia (Conty)_
          (Position and Title)                             (Institution)

3. Name of third Defendant: _O'SCAnnlein_. The third Defendant is employed as:
   _Circuit court Judse_ at _CAL 9th CIR Court_
          (Position and Title)                             (Institution)

4. Name of fourth Defendant: _Leavy_. The fourth Defendant is employed as:
   _Circuit court Judse_ at _CAL 9th CIR Court_
          (Position and Title)                             (Institution)

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner? ☑Yes ☐ No

2. If yes, how many lawsuits have you filed? _4_. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: _RonAld AdAms_ v. _CAL Dept of corrections._
      2. Court and case number: _CV06014840 WWSM SP._
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _dismiscd_

   b. Second prior lawsuit:
      1. Parties: _RonAld AdAms_ v. _CAL Dept- Corrections_
      2. Court and case number: _2:07 CV-00707-GEB-EF_
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _dismissi_

   c. Third prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

Additional
Defendent

NAme Defendent  T. Montgomery is or was Employee as
CASE Records Analysis At CAL Men's Colony State Prison
NAme Defendent  JOSE Gastelo is Employee as Warden
At California State Prison Men's Colony.
NAme Defendent  KAmla Harris Was Employee as Ass.
Attorney General.

NAme of Defendent   NP Smith is Employee as
Circuit Court Judge   At 9th Cir Court of Appeal. by the People

NAme of Defendent CAL. fed. District Court is Employee as
a feb Court for the State of CIAL. by the People.

NAme of Defendent. CAL State Supreme Court is Employee as
The State high Level for State APpeal. By the People.

NAme of Defendant CAL. COurt of APpeAL. is Employee
as CAL 1st tier level of Appeals.

NAme of Defendant SCOtt KerNAN is Employee as
Secretary        For CAL. Dept of Corr. and Reha.

NAme of Defendant B MArfield is Employee as or Was
Correctional counselor At CALifornia State Prison SACRAMento

NAme of Defendent K. M DunLap was EMPloyer as
Correctional CounSelor at CALiforNiA Stae Prison SACrAmento.

NAme of Defendent T. KimzeY. is or was EMPloyee as
CorrectioNAL COUNSeLeR II At CAL. State PriSoN SCcrAMento

NAme of Defendent M KrAMer is or Was Employee as
WArden       At CAL State Prison SACrAmento

NAme of Defendent Jack LastNAme is or was EMPloyee as
Correctional Counseler I At CAL. State Prison SAcrAmento

NAme of Defendent K. MArtin is or was EMPloyee as
CASE Record's ANALysis  At CALiforNiA Men's COLONY State Prison

NAme of Defendent T. Lamsferd is Employee as
Correctional Counseler At CAL. MeNS COLony Stoe Prison

NAme Defendent P Denny is Employee as ASS. WArden At
CCL. Mens Colony State Prison.

NAme Defendent L. FreNch is EmPLcYee as CASE Record's
ANALYSIS al CIAL. Men's COLONY State Prison.

## D. CAUSE OF ACTION

### CLAIM I

1. State the constitutional or other federal civil right that was violated: <u>CRUEL and UNUSAL</u> <u>Punishment. A Violation of The 8th Amendment of California and the U.S. Constitution.</u>

2. **Claim I.** Identify the issue involved. **Check only one.** State additional issues in separate claims.

☑ Basic necessities ☐ Mail ☐ Access to the court ☐ Medical care
☐ Disciplinary proceedings ☐ Property ☐ Exercise of religion ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

<u>1. Plaintiff Ronald Lee Adams was house at folsom State Prison in folsom California in and about 2003. during his incarceration at folsom Plaintiff discover by folsom prison authority during a prison Classification hearing that I was No Longer Entitle to have Any Contact/visitation Rights with Any Minor's Under the Age of 14. meaning No Contact visiting at All during My Incarceration in Any California State Prison.</u>
<u>2. during this hearing. The Prison Classification inform this Plaintiff that Prison Records and file showed that IN 1981 Plaintiff had a conviction of California Penal Code 288 A(c). and due to The California Department of Corrections and Rehabilitation New resolutions inmates with Sex crimes on minor's were No Longer to have Any Contact or visitation with Minor's under the Age of 14.</u>
<u>3. The California Legislature pass New Legislation for People who have had Pass and Present Sex crimes that involve Minor's.</u>
<u>4. The California Department of Corrections and Rehabilitation Adopted New Policy and regulations base on the Legislation pass for Sex crime</u>

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
<u>Denial of visitation Rights with family members who were minors for 16 years.</u>

5. **Administrative Remedies:**

a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☑ Yes ☐ No

b. Did you submit a request for administrative relief on Claim I? ☑ Yes ☐ No

c. Did you appeal your request for relief on Claim I to the highest level? ☐ Yes ☐ No

d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

3

## CLAIM II

1. State the constitutional or other federal civil right that was violated: due Process Violation
8th and 14 Amend. Cruel and Unusual Punishment

2. Claim II. Identify the issue involved. Check only one. State additional issues in separate claims.

☐ Basic necessities ☐ Mail ☐ Access to the court ☐ Medical care
☐ Disciplinary proceedings ☐ Property ☐ Exercise of religion ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☐ Other: Failure to Correct Wrongfull Conviction and Correct court File. Grant Petition for Writ.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim II. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

1. On And About February 28, 2003. In court case A-620066 The Honorable Steven Suzukawa. Violated Plaintiff Violated Plaintiff Constitutional Rights too due Process. during a factual finding of Plaintiff Claim of Insufficient evidence that Plaintiff had violated Penal Code 288 A 6) Oral Copulation with a Child or Minor under the age of 14. base on the Abstract of Judsment of 1981 that Allow the California Department of Corrections and Rehabilitation for 16 Years to denied Plaintiff of Basic Necessities by Prohibing Visitation Rights with minor's base on court document's/Records and File that centers a Constit-utional Error that the Court Knew that their documents were false and fail to Correct them when Judge Steven Suzukawa File that Plaintiff cros Correct that the complaint Alleged the Wrongs Penal Code Section. the Victims in the 1981 conviction were Adults. The Court denied Relief. The court Abuse it discretion. 2. The Second District Appellate who review the denial of Relief of Plaintiff Constitutional Violation of being convicted of the Penal code Statute 288 A 6) Define as oral copulation with a child or minor. to Allow the court Records and files of the California Department of Corrections and Rehabilitation to be wearnonize to denied the Plaintiff to have Visitation Rights with family members who were under the age of 14. subjected the Plaintiff to denial of due Process and Subject me to Basic Necessития inflecting Cruel and unusual Punishment.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
Plaintiff Was denied Contact and family Visitation Rights for 16 years Basic Necessities. The court and System fail to Correct court document that Allow the denial of Plaintiff Visitation rights

5. **Administrative Remedies.**

a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☑ Yes ☐ No

b. Did you submit a request for administrative relief on Claim II? ☑ Yes ☐ No

c. Did you appeal your request for relief on Claim II to the highest level? ☐ Yes ☐ No

d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

4

CONTINUED FROM OTHER DOCUMENT
SUPPORTING facts                    CLAIM I.

4. OFFENDER'S WITH a PENAL CODE VIOLATION of 288a(1).

5. The CALIFORNIA DePartment OF CORRECTION'S AND REHABILITATION (CDCR) Adopted and Codify IN there CALIFORNIA CODE

OF resulation Title 15 CCR At 3177 IN there Rules and ReSULETIONS of Adult INSTITUTIONS the reason for Sex offendde to be Prohibited from having ANY CONTACT WITH MINORS.

6. Plaintiff file an PriSON grievance For being Denied the right to have VISITATION rishts WITh his family member's his Niece's and NePhew's Whom WerE MINORS.

7. CDCR Provide the Plaintiff WITh A document Call Abstract of Judgment. This document Showed that iN 1981 Plaintiff had been CONVICTed of CALIfornia PenAl Code 288a (1). Showins that He had Such CONVICTION.

8. Plaintiff Argue that the PriSON Record's and files Were WroNS OR IN Error And uNder the DePartment of Corrections resulation's if an Error IS discover What Ever PriSON that Person is in the record office is SuPPOSe to Notify the Court's. IN this matter it did Not haPPen and Plaintiff Appeal WAS deNIed.

9. IN 2003 Plaintiff file A Petition for Writ for HAbeas CORPUS. base ON A Claim For INSSUFFICIeNt EVIdence That this Plaintiff Violated Penal code 288 a (1).

10. ON Feb 28, 2003. ThE SUPERIOR Court of CAlifoRNIA COUNty of Los ANGeles File a decision that Penal Code Section 288 A (1) Statute Requires EVIdence that

SuPPortins facts     Claim 1.

· 10  the Victim Was Under the ASE OF 14. At The Time of the
COMMISSION OF the OFFeNSE. The Victims Here Were
ADUlts. The Petitioner is correct iN that The
COMPlaint Allesed the WroNs Code Section.

11. Peditionee took this Factual FindiNs. ANd Attach to 5
Other PrisoN Appeal ShowiNs there Were No MiNors that
Were Victims of ANY Sex offense Committe by this
Plaintiff All APPeals Were denied. For 16 years.

12. Plaintiff IN 2019. File A New PrisoN Appeal
for CRUel and UNUsual PunishmeNt. A CoNstitutioNal
Violation and Seek fifty milliON DollAr IN DamAses.

13. ON ANd About MAY 14-19. After AN INter Viee With
aN C. FRAKeR. ANd Approval of the Warden J. Castelo
The Appeal Los as CMC-E 19-00848 WAs Granted
For to have Plaintiff Visitation Rishts With miNers to
be restore and the damases For $ 50,000,000.

SECTION II
(11)

3. SUPPORTING FACTS CONTINUE.

# 2. FOR 16 YEARS.

3. The California Supreme court Petition for Review on the court of Of Appeal denied to correct the Record in court case A-620066 of the wrong Penal code conviction. review denied. there by violating Plaintiff due Process. on a constitutional violation of being of be Convicted of the wrong charge and Sentence for the wrong charge. Allowing The California Department of Corrections and Rehabilitation to use the court documents The Abstract of Judsment to continuelly to be use to Subject the Plaintiff to cruel and unusual punishment a due Process violation on the grounds of abuse of discretion. Violating Plaintiff Constitutional Rights. This court denied Review

4. Plaintiff after the denial of Plaintiff Petition for Review to the State Supreme court, Plaintiff file a Petition for Writ to U.S. District court, base on the Constitutional Violation of wrongfull conviction of Penal code 288 A (C) And that the Low courts Abuse there discretion for failure to correct the court records.

The District court Inform the Plaintiff that He Need to get Permission From The 9th Circuit court of Appeal.

The 9th Circuit court of Appeal Assign the Plaintiff an Attorney. durins theses court proceeding. The Attorney General Argue that wrong Penal code conviction is really not a wrongfully conviction, And this was a Lower court issue. The Attorney General Fail to Instruct the 9th Circuit court of Appeal that Plaintiff issue should be resolve in the Lower court's. Allowing the wrongfull Conviction to Stand. A due Process Violation that continue the cruel and unusual punishment by the California Department OF correction and Rehabilitation of denying Plaintiff his Visitation rights with family members under the age of 14.

Supporting facts

# 4 Continue. But In May of 2019. The California Department of Corrections and Rehabilitation. Correctional Captain. Realize that Plaintiff has Suffer Enough of the Cruel and Unusual Punishment and fully Granted Plaintiff Administrative Appeal After an Investigation of documents Provided by the Court Showing No Evidence that the Victims Were Minors. Evidence that All the tiers of the Court System Violated Plaintiff due Process Rights a Constitutional Violation that is not an harmless Error

It is Settled that Finality For Purposes of Appeal is no bar to relief. and that habeas Corpus or other appropriate Extraordinary remedy will lie to rectify the error Habeas Corpus is Available in cases Where the Court has acted in excess of it Juridiction. For Purposes of a Writ as well as Prohibition or Certiorari the term "Jurisdiction" is not Limited to its Fundamental meaning and in such Proceedings Judicial acts may be restrained or Annoulled if determined to be in excess of the Court's Powers as defined by constitutional Provision. Statute or rules developed is Entitled to habeas corpus if there is no material dispute as to the facts relating to Plaintiff conviction of the Wrong Charge the Wrong Penal Code Section 288 A(c) and if it appears that the Statute under which I Was Convicted did not Prohibit the Defendants conduct.

Injunctive relief is Sought here that the 9th Cir reopen Plaintiff Case and Order the Low Court to Correct it Record's and files to reflect the Correct Penal Code Violation by dismissing Court Case A-620066.

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

1. Deman Jury trial on Both Claims.

2. Seeking monetary compensation for cruel and unusual punishment, pain & suffering, humilintion in the Amount of $ 25,000,00 twenty Five Million Dollers. From The Department of Corrections and Rehebilitation of California only.

3. Injunctive relief From The 9th cir. Court of Appeals, The fed. District court, The Cal- Supreme Court, The Court of Appeals, The municipal court of Compton Judicial District County of Los Angeles State of Cal. 4. Attorney fee's From CDCR.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __4 - 4__   __20 20__          ___Ronald Adam.___
          DATE                                SIGNATURE OF PLAINTIFF

___IN Pro PeR___
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

___IN Pro- PeR___
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

6

Exhibit 1

Name: ADAMS, RONALD L                                                                                    PID #: 11111137

ICCSC07B

# Classification Review

|  |  |
|---|---|
| CC Request Date: 09/30/2019 | Request Time: 12:59:29 |
| Institution: California Men's Colony | |
| Facility: CMC-Facility B | |
| Correctional Counselor: Fraker, Christina [FRCH006] | |
| Committee Type: Institution Cls. Committee (ASU/SHU/THU/PSU-ICC) | |
| Review Type: Initial ASU; Pre-MERD; ASU Extension; Other (See Committee Action Comments) | |
| Scheduled Hearing Date: 10/03/2019 | Scheduled Hearing Time: 09:00:00 |

## Critical Case Factors

| Factor | Current Value | New Value |
|---|---|---|
| Security Level | | Placement Score: 19    Level: II-Level 2 |
| Custody Designation | Maximum | Maximum |
| Custody Suffix - 1st | R | R-Committed a Sex Crime |
| Custody Suffix - 2nd | | |
| Custody Suffix - 3rd | | |
| Custody Suffix - 4th | | |
| Housing Placement - 1st | | UNK-N/A |
| Housing Placement - 2nd | UNK | UNK-N/A |
| Housing Configuration | CL | NA-Not Applicable |
| Institution (Primary) | CMC | |
| Institution (Alternate) | | |
| Transfer Override | ZZZ | ZZZ-None |
| Exceptional Placement | Z | Z-None |
| Custody Upon Transfer | Unknown | Unknown |
| Detention Procession Unit | 0 | 0-N/A |
| Work Change Clearance | Yes | No |
| Back Dock Clearance | No | No |
| Gate Pass Clearance | No | No |
| Access to Computer Clearance | Yes | No |
| ORWD Clearance | No | No |
| SVP Status Considered | | No |
| MDO Status Considered | | No |
| Annual IHR Conducted | | No |

## — Administrative Segregation Unit (ASU) Placement —

Date of ASU Placement being 09/23/2019
reviewed:

ASU Placement Reason: Battery on a non-inmate without serious bodily harm
Total Days in ASU: 11 days (including end date)
ASU Placement Outcome: Retain in Ad Seg Status

**Related SHU Term Computations** (1 - 1 of 1)

| Violation Date | Att./ Consp. | Specific Offense | STG Nexus | SHU Term Type | SHU Term Start Date | SHU Term | How Served | Time Forfeited | Any Pending? | MERD |
|---|---|---|---|---|---|---|---|---|---|---|
| 09/23/2019 | | 02-G - Battery on a non-inmate without serious injury | No | Determinate | 09/23/2019 | 10m 0d | Initial | | No | 02/19/2020 |

**Work Group/Privilege Group Changes** (1 - 1 of 1)

| Seq # | Work Group | Privilege Group | Begin Date | End Date |
|---|---|---|---|---|
| | A1-Full Time Assignment | | 07/31/2010 | |
| | | A-Full Time Assignment | 07/31/2010 | |
| 001 | D1-Administrative Segregation | D-Special Segregation Unit | 09/23/2019 | |

**Manual Overrides (System Generated)**

**Credit Time Restoration**

| Seq # | RVR Log # | Days | Violation Date | One-Time Application |
|---|---|---|---|---|
| | | | No Rows Found | |

**Related RVRs**

| Violation Date | Log Number | Guilty Charge |
|---|---|---|
| | No Rows Found | |

**Current Assignments** (1 - 1 of 1)

| Seq # | Assigned Date | Assignment Type | Section Location | Position # | Position Title | Status | Retain | Removal Reason |
|---|---|---|---|---|---|---|---|---|
| 001 | 08/16/2019 | Clerk | EAST MAIN KITCHEN | CLK.004.007 | M/K STOREROOM FS176 | Unassigned | ☐ | |

**Waiting List**

| Incl. | Rem. | Waiting List Type | Status When Incl. | Identified Date |
|---|---|---|---|---|
| | | No Rows Found | | |

**Clinician Comments**

A clinician from the ASU IDTT participated in ICC this date and determined S presents a low risk of decompensating if retained in ASU.

| **Committee Action Summary** | ☐ Revision Requested |
|---|---|

**Initial ASU/Pre-MERD Review**
Refer to CSR RX 139-DAY ASU EXT
Retain in ASU

DC/CC with GP inmates
WG/PG D1/D eff 9/32/19
Disciplinary Segregation

| **Committee Comments** | ☐ Revision Requested |
|---|---|

Inmate ADAMS, RONALD, CDCR# P65157 (S), appeared before ASU ICC this date for Initial ASU/Pre-MERD review. S was provided notice of this Classification Hearing per ASU Placement Notice dated 9/23/2019. S was introduced to Committee members and informed of the reasons for the Committee hearing. When queried S provided a sufficient understanding of the reasons for the Committee hearing, appeared capable of participating and indicated he was ready and willing to proceed. No DDP or DPP concerns noted.

C/O J. Romero  was present and served as S' staff assistant for this classification hearing due to CCCMS LOC. S met with the Staff Assistant 24-hours prior to committee and agreed to proceed. Effective communication was achieved through the use of Simple English spoken in a slow and clear manner and repeated as necessary. Committee queried S to ensure his full understanding of issues discussed. S maintained a dialogue with committee members, asked relevant questions, provided pertinent information and reiterated in his own words his understanding of the committee action, thus establishing effective communication.

S was initially placed in the CMC ASU on 9/23/19 as he was charged with the SHU-assable RVR of Battery on a non-prisoner. Specifically, on the same date, S is charged with Battery on a non-prisoner by grabbing Officer J. Lewis' wrist during a clothed body search. Circumstances of ASU Placement were reviewed and deemed appropriate. Information/evidence relied upon: Administrative Segregation Unit Placement Notice dated 9/23/19. Administrative Review was conducted on the next business day, 9/24/19. S did not request any witnesses for this hearing.

Committee notes was issued a Rules Violation Report (RVR) with the wrong violation date of 9/27/2019 but should note 9/23/2019, Log # 6910961, for Battery on a non-Prisoner. This RVR has not been adjudicated. If found guilty of the charges, this offense requires ICC review for SHU term assessment. The Projected Mitigated range MERD for this offense is 2/20/2020. Furthermore, this offense meets criteria for referral to the office of the District Attorney (DA) for possible felony prosecution. **S indicated he will not request postponement of the RVR adjudication pending the outcome of the DA referral.** DA status: not yet referred.

Due to S' nearing projected MERD, S has been scheduled for a Pre-MERD review. Committee agrees S' retention in ASU is necessary based on potential staff safety concerns and potential forthcoming SHU term assessment. This case is referred to the CSR RX 139 day ASU extension. S is being retained in ASU pending DA outcome, RVR adjudication and subsequent ICC review for appropriate housing.

Custody: MAX-R.
Cell status: Double Cell with general population inmates.
ASU yard: Control Compatible Small Management Yard with general population inmates.
NDS: S does not qualify for NDS housing noting ASU placement is based on criminal activity / misconduct.
WG/PG: D1/D effective 9/23/2019.

Non-Confidential Offender Separation Alerts: Noted and Reviewed.
Non-Confidential Unable to Identify Enemies: Clear.
Confidential Offender Separation Alerts: Clear.
Confidential Offender Unable to Identify Enemies: Clear.
Staff Separation Alert: Noted - S is precluded from housing at California State Prison, Sacramento.
Confidential File: Noted and Reviewed.
STG: None noted.

Next BPH: Initial 9/9/2024.
Next Annual Due: 3/1/2020.
TABE: 4.6.
IHC: RE reviewed and remains appropriate.
Accommodation Chrono: dated 12/6/2017 reflects Lower/Bottom Bunk.
Durable Medical Equipment: dated 6/18/19 reflects Diabetic Supplies/Monitors, Eyeglass Frames, Therapeutic Shoes/Orthotics.
MCC: dated 4/15/2019 reflects, Classification Factors: Temporary Medical Hold,  and notes the following: Level of Care: OP; Proximity to Consult: Infreq. Basic Consultation; Functional Capacity: Limited Duty; Medical Risk: High; Nursing Care Acuity: Low-Intensity. The following Specialized Services are noted: DME. The following Institutional-Environmental concerns are noted: Restricted- Cocci Area 2. Physical limitation: Lifting Restriction- Unable to Lift more than 19 Pounds

S was advised of his non-contact visiting status while in ASU as well as his right to appeal Committee's action per CCR 3084.1.

Next ICC: within 139 days or upon receipt of his adjudicated RVR.

Additional Committee Members: Chief Psych. (A) Dr. A. Grey.

---

## Inmate Involvement in Hearing

|  |  |
|---|---|
| Attendance: Present at Hearing | 72 Hour Notice Waiver: No |
| Interpreter Name: |  |
| Staff Assistant Name: C/O J. Romero | S/A Discharged: |
| Agrees with Recommendations: Yes | Informed of Appeal Rights: Yes |

### Inmate Comments

S fully participated in Committee's action.  S understood the reasons for Committee's decision and agree with Committee's recommendation.  S had no other noteworthy questions or comments for Committee this date.

### Effective Communications (1 - 1 of 1)

| Interaction Date | Interaction Time | Interaction Type |
|---|---|---|
| 09/30/2019 | 13:04:27 | Classification Interview |

---

## Outcome

| | |
|---|---|
| Actual Hearing Date: 10/03/2019 | Actual Hearing Time: 13:34:00 |
| Continue Present No Program: | Implement Changes: Yes |
| ASU Extension Request: Yes | ASU Extension Days: 139    Extension Reason: Pending resolution of RVR/DA Action |

| | |
|---|---|
| Review Status: Audited | As of: 10/21/2019 |
| Refer to: ASU/SHU CSR | Reason: ASU Assessment |
| Next Review Date: 02/13/2020 | Next ICC Committee Type: |

---

## Committee Members (1 - 2 of 2)

|  |  | Chair- |  | Dissenting |
|---|---|---|---|---|

Exhibit 2

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1



1907057              P65157

Institution/Parole Region    Log #    Category
CMC-E  19 - 0 0 8 4 8

FOR STAFF USE ONLY

You may appeal any C _____n (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available.   See California Code of Regulations, Title 15, (CCR) Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that lead to the filing of this appeal. If additional space is needed, *only* one CDCR Form 602-A will be accepted.  Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.                          WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| Adams Donald | P65157 | 6174 | Main Kit |

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

Cruel and Unusual Punishment

A.  Explain your issue (If you need more space, use Section A of the CDCR 602-A): The Department of Corrections and Rehabilitation (CDCR) has subject this plaintiff to an eighth Amendment violation of the Constitution ordr to New Sex Law's in the 2000's that allow CDCR to Enact Visiting Restrictions on

B.  Action requested (If you need more space, use Section B of the CDCR 602-A): Plaintiff Adams is putting CDCR on Notice that he has been subject to Cruel and Unusual Punishment a Constitutional Right violation Plaintiff is seeking fifty million Dollar $50,000,000

Supporting Documents: Refer to CCR 3084.3.
☑ Yes, I have attached supporting documents.

List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

See 22 frm With Exhibits

☐ No, I have not attached any supporting documents. Reason : _____

Inmate/Parolee Signature: _____   Date Submitted: 3-18-19

☐ By placing my initials in this box, I waive my right to receive an interview.

MAR 19 2019
CMC APPEALS OFFICE

MAR 28 2019
CMC APPEALS OFFICE

APR 09 2019
CMC APPEALS OFFICE

APR 16 2019
CMC APPEALS OFFICE

APR 19 2019
CMC APPEALS OFFICE

REC BY OO,
JUN 18 2019

**C.  First Level - Staff Use Only**
This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section MAR 25 2019   Date APR 0 4 2019   Date APR 1 1 2019   Date: _____
☐ Rejected (See attached letter for instruction)   Date: _____
☐ Cancelled (See attached letter)   Date: _____
☐ Accepted at the First Level of Review.
    Assigned to: _____   Date Assigned: _____   Date Due: _____

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.
    Date of Interview: _____   Interview Location: _____
Your appeal issue is:  ☐ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other _____
    See attached letter. If dissatisfied with First Level response, complete section _____
Interviewer: _____   Title: _____   Signature: _____   Date completed: _____
              (Print Name)
Reviewer: _____   Title: _____   Signature: _____
          (Print Name)
Date received by AC: _____

AC Use Only
Date mailed/delivered to appellant ___ / ___ / ___

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL FORM ATTACHMENT
CDCR-0602-A (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region | Log #: | Category: |
|---|---|---|---|

CMC-E  19 - 0 0 8 4 8

FOR STAFF USE ONLY

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.
Appeal is subject to rejection if one row of text per line is exceeded.   WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): Adams Ronald | CDC Number: P65157 | Unit/Cell Number: C-Fac 6174 | Assignment: Main Kit. |
|---|---|---|---|

A. Continuation of CDCR 602, Section A only (Explain your issue): All inmates who have and had been convicted of any sex crime upone a child or minor under the age of 14. (CDCR) Prison classification committe Elected to Prohibited the Plaintiff from having any visitation Risk's with any minor's. Plaintiff Adams was deny to have any visitations with niece's and nephew who wor under the age of 14. Per California code of regulations Title 15(CCR) Colded 3177 then and now 3173.1, this states when the victims is a minor visitation with minor's shall not be Prohibited. CDCR Records Office determine that Plaintiff's Prior sex conviction of 1981 was base on the 1981 Abstrinct of Judgment Evidence Relied on was the Penal code citing of 288 A(c). PC 288 A= is define as oral copulation Add subsec (c) its now define a oral copulation as a minor the only Evidence produce was the Abstinct of Judgments Plaintiff have file numerous CDCR 0602-A-Appeals Requesting that CDCR Notify the court Per CDCR Operation Manual Policy of Accuracy of files and records. See 13030.27. Plaintiff was denied his basic human need's visitation with his niece's and Nephew. this Cruel and Unnecessary infliction of Pain was order by CDCR on 5-17-07 and Continue as of 2-20-17 See 22 Form with Exhibits. CPCR Continued to fail to Request the court to correct the Abstrinct of Judgment.

Inmate/Parolee Signature: _____   Date Submitted: 3-18-19.

MAR 19 2019
CMC APPEALS OFFICE

MAR 28 2019
CMC APPEALS OFFICE

APR 09 2019
CMC APPEALS OFFICE

APR 16 2019
CMC APPEALS OFFICE

APR 19 2019
CMC APPEALS OFFICE

REC@BY OOA

JUN 18 2019

B. Continuation of CDCR 602, Section B only (Action requested): For the Continue Abuse of being Known as Child Molester. by Law CDCR has fail to notify the court to made Corrections on the court file and Record's so that CDCR Records will reflect the true and right conviction.

Inmate/Parolee Signature: _____   Date Submitted: 3-18-19

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL FORM ATTACHMENT
CDCR-0602-A (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|

CMC-E  19-00848 4

FOR STAFF USE ONLY

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.

Appeal is subject to rejection if one row of text per line is exceeded.    WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| Adams Ronald | P65157 | C-Fac 6174 | Main Kit. |

A. Continuation of CDCR 602, Section A only (Explain your issue): All inmates who have and had
been convicted of any sex crime upone a child or minor under the age of
14. (CDCR) Prison classification committe Elected to prohibited the
Plaintiff from having any visitation Risks with any minor's. Plaintiff
Adams was deny to have any visitation's with niece's and nephew who
are under the age of 14. Per California code of regulations Title 15(CCR)
coleded 3177 then and now 3173.1, this states when the victims is
a minor, Visitation with minor's shall not be Prohibited. CDCR Record's
office determine that Plaintiff's Prior sex conviction of 1981 was base
on the 1981 Abstract of Judgment Evidence Relied on was the Penal code
CHING & 288 A(E). PC. 288 A= is define as oral copulation Add subsec (C)
its now define a oral copulation as a minor the only Evidence produce was the
Abstract of Judgments. Plaintiff have file numerous CDCR 0602-A - Appeals
Requesting that CDCR notify the court Per CDCR operation Manual Policy
of occurrey of files and Record's. See 13030.27. Plaintiff was denied his basic
humans need's visitation with his niece's and nephew. this constitution and
Unnecessery infliction of pain was order by CDCR on 5-17-07 and
Constitue as of 2-20-17 See 22 Form with Exhibits. CDCR constituert to fail
to Request the court to correct the Abstract of Judgment.

Inmate/Parolee Signature: _____    Date Submitted: 3-18-19.

B. Continuation of CDCR 602, Section B only (Action requested): For the continue Abuse of bein Know as
Child molester. by law CDCR has fail to notify the court to made
Corrections on the court file and Record's so that CDCR Records Will
reflect the true and right convictions.

Inmate/Parolee Signature: _____    Date Submitted: 3-18-19

MAR 19 2019
CMC APPEALS OFFICE

MAR 28 2019
CMC APPEALS OFFICE

APR 09 2019
CMC APPEALS OFFICE

APR 16 2019
CMC APPEALS OFFICE

APR 19 2019
CMC APPEALS OFFICE

REC BY OOA
JUN 18 2019

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 2

D. If you are dissatisfied with the First Level response, explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response.  If you need more space, use Section D of the CDCR 602-A.

**BYPASS**

Inmate/Parolee Signature: _____          Date Submitted : _____

---

**E. Second Level - Staff Use Only**          Staff – Check One:  Is CDCR 602-A Attached?  ☒ Yes   ☐ No

This appeal has been:

☐ By-passed at Second Level of Review.  Go to Section G.
☒ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)
☒ Accepted at the Second Level of Review
Assigned to: V. Denny          Title: AWL-II          Date Assigned: APR 19 2019   Date Due: JUN 03 2019

Second Level Responder:  Complete a Second Level response.  If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.

Date of Interview: 5-14-19          Interview Location: CMC FAC-C PROGRAM OFF

Your appeal issue is: ☒ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other: _____

See attached letter.  If dissatisfied with Second Level response, complete Section F below.

Interviewer: C. FRAZIER   Title: CCII   Signature: C.___   Date completed: 5-16-19
(Print Name)

Reviewer: J. GASTELO, WARDEN   Title: ___   Signature: ___

Date received by AC: JUN 03 2019          | AC Use Only
CMC APPEALS OFFICE          | Date mailed/delivered to appellant JUN 03 2019

---

F.  If you are dissatisfied with the Second Level response, explain reason below; attach supporting documents and submit by mail for Third Level Review.  It must be received within 30 calendar days of receipt of prior response.  Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001.  If you need more space, use Section F of the CDCR 602-A.

Im dissatisfied on the following Concern's. The Problem that Started the
Cruel and Cnusual Punishment for over 12 Year's Cxis and Still is The court document
(The abstract of Judgment). This Granted appeal Provide the following Evidence. 1. The
abstract of Judgment contain the citions Code section, section (C) of Pc. 289A. cut 2. the
court document the abstract of Judgment is what CDCR use to Commit the

Inmate/Parolee Signature: _____          Date Submitted: _____

---

**G.  Third Level - Staff Use Only**

This appeal has been:

☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)   Date: _____
☐ Accepted at the Third Level of Review.  Your appeal issue is ☐ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other: _____
See attached Third Level response.

| Third Level Use Only
| Date mailed/delivered to appellant ____/____/____

---

H.  Request to Withdraw Appeal:  I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

Inmate/Parolee Signature: _____          Date: _____

Print Staff Name: _____   Title: _____   Signature: _____   Date: _____

Exhibit 3

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
**INMATE/PAROLEE APPEAL**
CDCR 602 (Rev. 03/12)
Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
| --- | --- | --- | --- |

**CMC-E 20 - 0 0 1 3 4**

FOR STAFF USE ONLY

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations (CCR), Title 15, Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, _only_ one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

**Appeal is subject to rejection if one row of text per line is exceeded.**          **WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First): Adams Ronald | CDC Number: P65157 | Unit/Cell Number: 6166 | Assignment: |
| --- | --- | --- | --- |

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):
Lost Property by Intentional Act for Person Reasons.

DEC 30 2019
CMC APPEALS OFFICE

A. Explain your issue (If you need more space, use Section A of the CDCR 602-A): Two years Ago
When C/o Davison works Block C-fac and I was Hold in
S Block, we had person issue to where a Staff Complint was file.
Months later when his Brother End-Up in 6 Block which I was

B. Action requested (If you need more space, use Section B of the CDCR 602-A): I'm Requesting A
Policy change on when inmates on transfer From CMC
EAST, that Inmates See and watch there Property being place
on to the bus. 2. I'm Requestin to be paid $120,000 for One Hunderd

**Supporting Documents: Refer to CCR 3084.3.**
☐ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

_____
_____

☐ No, I have not attached any supporting documents. Reason :
_____
_____
_____

Inmate/Parolee Signature: Ronald Al          Date Submitted: 12-28-19

☐ By placing my initials in this box, I waive my right to receive an interview.

REVIEWED BY THE HIRING AUTHORITY
STAFF USE ONLY

**C. First Level - Staff Use Only**          Staff – Check One: Is CDCR 602-A Attached? ☑ Yes ☐ No
This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter) Date: _____
☑ Accepted at the First Level of Review.
Assigned to: V. Phillips          Title: AWCD          Date Assigned: JAN 10 2020 Date Due: 02/12/2020

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.
Date of Interview: 1-21-2020          Interview Location: East RAR
Your appeal issue is: ☐ Granted ☐ Granted in Part ☐ Denied ☐ Other:
See attached letter. If dissatisfied with First Level response, complete Section D.

Interviewer: J. Jepsen (Print Name)          Title: SGT          Signature: _____ Date completed: 1-23-2020
Reviewer: _____ (Print Name)          Title: Aw(A) Signature: _____
Date received by AC: FEB 05 2020

| AC Use Only Date mailed/delivered to appellant | FEB 11 2020 |
| --- | --- |

CMC APPEALS OFFICE

STATE OF CALIFORNIA      DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE/PAROLEE APPEAL 2:20-cv-00858-JAM-DB    Document 1    Filed 04/27/20    Page 24 of 54
CDCR 602 (Rev. 03/12)                                                                    Side 2

**D. If you are dissatisfied with the First Level response,** explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response. If you need more space, use Section D of the CDCR 602-A.

_____
_____
_____
_____
_____
_____

Inmate/Parolee Signature: _____ Date Submitted : _____

**E. Second Level - Staff Use Only**          Staff – Check One: Is CDCR 602-A Attached? ☐ Yes ☐ No

This appeal has been:
☐ By-passed at Second Level of Review. Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)
☐ Accepted at the Second Level of Review

Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

Second Level Responder: Complete a Second Level response. If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.

          Date of Interview: _____ Interview Location: _____

Your appeal issue is: ☐ Granted    ☐ Granted in Part    ☐ Denied    ☐ Other: _____

          See attached letter. If dissatisfied with Second Level response, complete Section F below.

Interviewer: _____ Title: _____ Signature: _____ Date completed : _____
       (Print Name)

Reviewer: _____ Title: _____ Signature: _____
       (Print Name)

Date received by AC: _____

| AC Use Only |
| Date mailed/delivered to appellant ____/____/____ |

**F. If you are dissatisfied with the Second Level response,** explain reason below, attach supporting documents and submit by mail for Third Level Review. It must be received within 30 calendar days of receipt of prior response. Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001. If you need more space, use Section F of the CDCR 602-A.

_____
_____
_____
_____
_____
_____

Inmate/Parolee Signature: _____ Date Submitted: _____

**G. Third Level - Staff Use Only**
This appeal has been:
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter) Date: _____
☐ Accepted at the Third Level of Review. Your appeal issue is ☐ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other: _____
      See attached Third Level response.

| Third Level Use Only |
| Date mailed/delivered to appellant ____/____/____ |

**H. Request to Withdraw Appeal:** I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

_____
_____
_____
_____

_____ Inmate/Parolee Signature: _____ Date: _____

Print Staff Name: _____ Title: _____ Signature: _____ Date: _____

STATE OF CALIFORNIA                                                      DEPARTMENT OF CORRECTIONS AND REHABILITATION
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (REV. 03/12)                                                                                    Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|

CMC-E   20 - 0 0 1 3 4
*FOR STAFF USE ONLY*

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.
Appeal is subject to rejection if one row of text per line is exceeded.    WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| Adams   Ronald | P65157 | 6166 | |

**A. Continuation of CDCR 602, Section A only (Explain your issue):** House besaw to harass me
See file Staff Complaint. Uses his Brother who work RCR
has Intentional lost my property. Now there is PaRk work in RSR
that says 8 Boxs were ship to Califonia State Prison. The tranSpor
tation officer sc. to brush mr back to CMC East stop at RSR C.S.P.
and was Intrim on 12-9-19. then was no property for me. The property
Officer for A.S.U. Intrim me Each Day i was House there that no
Property had Arrive call and ask him. Now In my property Were
Some very Important documents in A Probete court. My only oris-
inal document check with L.A. court I have a los numuer. The Estate is
worth over $700,000.00 Dollars this made RSR offer responseable.
Court transcripts, legal Books, Personal mail from People that have PASS
aeny Plus other Personal Propert. on the First appeal about my Tv. % Davison
Stil was on my Books, was found by Sst T. lloyd she saw RSR Davison
the Propert she found to be put with my other Property for a total of 8 Boxs.
I can prove % Davison did Something to cause my Property to be Lost.
it could have Sent it to Another Prison, it could have had A Transportation
officer to Drop it of for Another prison. On 10-17-19. When I ask % Lowr
and Davison if my Propert was on the Buss both Said yes.

DEC 30 2019
CMC APPEALS OFFIC

ONLY USE STAFF
REVIEWED BY THE HIRING AUTHORITY

Inmate/Parolee Signature: _____    Date Submitted: 12-28-19.

**B. Continuation of CDCR 602, Section B only (Action requested):** Houseand Dollar for Lost Property.
% CORTZ Fail to Inventory And Pack my Propert this Policy must and
Shall be Change. When an Inmate is Remove from his Housing the Policy
is only for the officer to Inventory And Pack Lot having my Prorpet document
may cause me to Loose my Inheritance. I have other court cases Pending
now i can continue those court cases Some of them are civil Risk money Damase
Suits R S R. is responseable because my Exhibits Gone In my Propert. I've been with
out my Propert for over 70 Days. If my Property Ever Show up Every LAst
Piece's of Property. No mater what or How much it is.

Inmate/Parolee Signature: _____    Date Submitted: 12-28-19.

**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (REV. 03/12)                                                                                           **Side 2**

---

**D. Continuation of CDCR 602, Section D only (Dissatisfied with First Level response):** _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Inmate/Parolee Signature:** _____   **Date Submitted:** _____

**F. Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response):** _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Inmate/Parolee Signature:** _____   **Date Submitted:** _____

# Memorandum

Date:            January 23, 2020

To:              ADAMS, Ronald
                    P65157; Facility C (C 006 1-166001L)
                    California Men's Colony (CMC)

Subject:      **FIRST LEVEL REVIEW**
                    **CMC EAST APPEAL LOG NUMBER CMC-E-20-00134**

A review of your appeal has been completed. Your complaint, including the requested remedial action, has received careful consideration.

**APPEAL ISSUE:**
On September 23, 2019, you were rehoused from Facility C General Population to Administrative Segregation (ASU). On October 17, 2019, you transferred to California State Prison – Los Angeles (LAC) for Short Term Restricted Housing (STRH). On December 9, 2019, you transferred back to California Men's Colony (CMC) and you are currently housed on Facility C. Within your appeal, you claim you are missing eight boxes of property.

**ACTION REQUESTED:**
1. You request a Policy Change on how inmates transfer from CMC East.
2. You request to be reimbursed for $120,000.00 dollars for property you allege is missing.

**DETERMINATION:**
Pursuant to the California Code of Regulation (CCR), Title 15, Section 3084.9 (i)(1), your allegations of staff misconduct were reviewed by the Hiring Authority or her designee (Chief Deputy Warden) and deemed not to warrant staff complaint processing. Therefore, your appeal has been processed as a routine appeal pursuant to CCR, Title 15, Section 3084.5 (b)(4)(A) and assigned to the First Level Review (FLR) pursuant to CCR, Title 15, Section 3084.7.

**INTERVIEWS:**
On January 21, 2020, Correctional Sergeant J. Jepsen conducted an interview with you concerning your appeal. During the interview, you reiterated your contentions documented within your appeal. You claim LAC told you your property never made it to LAC while you were housed at LAC. You had nothing further to add and the interview was concluded.

**APPLICABLE DOCUMENTATION / EVIDENCE ASSOCIATED WITH APPEAL**
- CDCR 602 Inmate/Parolee Appeal Form Log Number CMC-E-20-00134
- CMC East Receiving and Release (R&R) Mail Out, dated November 26, 2019
- Golden State Overnight (GSO) Shipment Tracking Results 547133403 dated December 3, 2019, Reference: ADAMS P65157
- Golden State Overnight (GSO) Shipment Tracking Results 547133404 dated December 3, 2019, Reference: ADAMS P65157
- Golden State Overnight (GSO) Shipment Tracking Results 547133405 dated December 3, 2019, Reference: ADAMS P65157

- Golden State Overnight (GSO) Shipment Tracking Results 547133406 dated December 3, 2019, Reference: ADAMS P65157
- Golden State Overnight (GSO) Shipment Tracking Results 547133408 dated December 3, 2019, Reference: ADAMS P65157
- Golden State Overnight (GSO) Shipment Tracking Results 547133409 dated December 3, 2019, Reference: ADAMS P65157
- Golden State Overnight (GSO) Shipment Tracking Results 547133410 dated December 3, 2019, Reference: ADAMS P65157
- Golden State Overnight (GSO) Shipment Tracking Results 547133411 dated December 3, 2019, Reference: ADAMS P65157

**APPEAL RESPONSE:**
Within your appeal, you claim you are missing eight boxes of property. On December 3, 2019, CMC Staff shipped eight boxes of your property via GSO to LAC. On December 4, 2019, R. Roxy an employee at LAC signed and accepted your property at LAC. Therefore, CMC did not lose your property. Your property is at LAC and you will have to request LAC to send your property to you here at CMC.

**RESPONSE TO ACTION REQUESTED:**
1. In your appeal, you request a policy change on how inmates transfer from CMC East. The policy is written to coincide with the Department Operation Manual and the Operational Procedures. Therefore, your request is denied.
2. In your appeal, you request to be reimbursed for $120,000.00 dollars for property you allege is missing. Per the documents attached with this appeal, eight boxes were shipped and signed for at LAC. You will have to request LAC to send you your property. Therefore, your request to be reimbursed is denied.

**CONCLUSION:**
Based on the aforementioned, your appeal is denied at the First Level Review. Should you be dissatisfied with this appeal decision you may, by following the instructions listed on your CDCR 602 Inmate/Parolee Appeal Form, request further review.

**APPEAL DENIED**

S. WILHITE
Associate Warden (A), Central Operations
California Men's Colony

# Memorandum

Date:   January 23, 2020

To:     ADAMS, Ronald
        P65157; Facility C (C 006 1-166001L)
        California Men's Colony (CMC)

Subject: **FIRST LEVEL REVIEW**
        **CMC EAST APPEAL LOG NUMBER CMC-E-20-00134**

A review of your appeal has been completed. Your complaint, including the requested remedial action, has received careful consideration.

**APPEAL ISSUE:**
On September 23, 2019, you were rehoused from Facility C General Population to Administrative Segregation (ASU). On October 17, 2019, you transferred to California State Prison – Los Angeles (LAC) for Short Term Restricted Housing (STRH). On December 9, 2019, you transferred back to California Men's Colony (CMC) and you are currently housed on Facility C. Within your appeal, you claim you are missing eight boxes of property.

**ACTION REQUESTED:**
1. You request a Policy Change on how inmates transfer from CMC East.
2. You request to be reimbursed for $120,000.00 dollars for property you allege is missing.

**DETERMINATION:**
Pursuant to the California Code of Regulation (CCR), Title 15, Section 3084.9 (i)(1), your allegations of staff misconduct were reviewed by the Hiring Authority or her designee (Chief Deputy Warden) and deemed not to warrant staff complaint processing. Therefore, your appeal has been processed as a routine appeal pursuant to CCR, Title 15, Section 3084.5 (b)(4)(A) and assigned to the First Level Review (FLR) pursuant to CCR, Title 15, Section 3084.7.

**INTERVIEWS:**
On January 21, 2020, Correctional Sergeant J. Jepsen conducted an interview with you concerning your appeal. During the interview, you reiterated your contentions documented within your appeal. You claim LAC told you your property never made it to LAC while you were housed at LAC. You had nothing further to add and the interview was concluded.

**APPLICABLE DOCUMENTATION / EVIDENCE ASSOCIATED WITH APPEAL**
- CDCR 602 Inmate/Parolee Appeal Form Log Number CMC-E-20-00134
- CMC East Receiving and Release (R&R) Mail Out, dated November 26, 2019
- Golden State Overnight (GSO) Shipment Tracking Results 547133403 dated December 3, 2019, Reference: ADAMS P65157
- Golden State Overnight (GSO) Shipment Tracking Results 547133404 dated December 3, 2019, Reference: ADAMS P65157
- Golden State Overnight (GSO) Shipment Tracking Results 547133405 dated December 3, 2019, Reference: ADAMS P65157

- Golden State Overnight (GSO) Shipment Tracking Results 547133406 dated December 3, 2019, Reference: ADAMS P65157

- Golden State Overnight (GSO) Shipment Tracking Results 547133408 dated December 3, 2019, Reference: ADAMS P65157

- Golden State Overnight (GSO) Shipment Tracking Results 547133409 dated December 3, 2019, Reference: ADAMS P65157

- Golden State Overnight (GSO) Shipment Tracking Results 547133410 dated December 3, 2019, Reference: ADAMS P65157

- Golden State Overnight (GSO) Shipment Tracking Results 547133411 dated December 3, 2019, Reference: ADAMS P65157

**APPEAL RESPONSE:**
Within your appeal, you claim you are missing eight boxes of property. On December 3, 2019, CMC Staff shipped eight boxes of your property via GSO to LAC. On December 4, 2019, R. Roxy an employee at LAC signed and accepted your property at LAC. Therefore, CMC did not lose your property. Your property is at LAC and you will have to request LAC to send your property to you here at CMC.

**RESPONSE TO ACTION REQUESTED:**
1. In your appeal, you request a policy change on how inmates transfer from CMC East. The policy is written to coincide with the Department Operation Manual and the Operational Procedures. Therefore, your request is denied.
2. In your appeal, you request to be reimbursed for $120,000.00 dollars for property you allege is missing. Per the documents attached with this appeal, eight boxes were shipped and signed for at LAC. You will have to request LAC to send you your property. Therefore, your request to be reimbursed is denied.

**CONCLUSION:**
Based on the aforementioned, your appeal is denied at the First Level Review. Should you be dissatisfied with this appeal decision you may, by following the instructions listed on your CDCR 602 Inmate/Parolee Appeal Form, request further review.

**APPEAL DENIED**

S. WILHITE
Associate Warden (A), Central Operations
California Men's Colony

# MAILOUT

CMC EAST Receiving and Release

**Sender:** California Men's Colony
**Date:** **11/26/2019**

# State Expense

Regarding Inmate:   ADAMS (P65157)

**Ship to:** **CSP, Los Angeles County**
44750 60th Street West
Lancaster, CA 93536-7620

```
                    Tracking Label
```

**1 BOX**                                          ℓ Boxes

**California Men's Colony**
East Receiving and Release
P.O. Box 8103
San Luis Obispo, Ca 93403-8103

**State Prison**
**Generated Mail**

Regarding Inmate:   ADAMS (P65157)

**Ship to:** **CSP, Los Angeles County**
**Attn: R&R Property Officer**
44750 60th Street West
Lancaster, CA 93536-7620

# Shipment Tracking Information

**Here are your Shipment Details:**

| | | | |
|---|---|---|---|
| **Ship To Name:** | CSP, LOS ANGELES COUNTY | | |
| **Ship To Location:** | LANCASTER, CA | | |
| **Delivery Status:** | DELIVERED | **Tracking Number:** | 547133403 |
| **Ship Date:** | 12/3/2019 | **Reference:** | ADAMS - P65157 |
| **Delivery Date:** | 12/4/2019 | **Service:** | CPS |
| **Delivery Time:** | 10:35 AM | **Signed For By:** | R.Roxy |
| **Signature:** | | | |

**Transit Notes**

| Date/Time | Note |
|---|---|
| 12/04/19 12:16 AM | ARRIVAL SCAN - DELIVERY SCHED FOR 12/04/2019 |
| 12/04/19 04:58 AM | SCANNED AT DELIVERY DEPOT |
| 12/04/19 09:36 AM | ON ROUTE FOR DELIVERY |
| 12/04/19 10:35 AM | SHIPMENT DELIVERED |

# Shipment Tracking Information

Here are your Shipment Details:

| | | | |
|---|---|---|---|
| Ship To Name: | CSP, LOS ANGELES COUNTY | | |
| Ship To Location: | LANCASTER, CA | | |
| Delivery Status: | DELIVERED | Tracking Number: | 547133404 |
| Ship Date: | 12/3/2019 | Reference: | ADAMS - P65157 |
| Delivery Date: | 12/4/2019 | Service: | CPS |
| Delivery Time: | 10:35 AM | Signed For By: | R.Roxy |

Signature:



**Transit Notes**

| Date/Time | Note |
|---|---|
| 12/04/19 12:16 AM | ARRIVAL SCAN - DELIVERY SCHED FOR 12/04/2019 |
| 12/04/19 04:58 AM | SCANNED AT DELIVERY DEPOT |
| 12/04/19 09:36 AM | ON ROUTE FOR DELIVERY |
| 12/04/19 10:35 AM | SHIPMENT DELIVERED |

# Shipment Tracking Information

**Here are your Shipment Details:**

| | | | |
|---|---|---|---|
| Ship To Name: | CSP, LOS ANGELES COUNTY | | |
| Ship To Location: | LANCASTER, CA | | |
| Delivery Status: | DELIVERED | Tracking Number: | 547133405 |
| Ship Date: | 12/3/2019 | Reference: | ADAMS - P65157 |
| Delivery Date: | 12/4/2019 | Service: | CPS |
| Delivery Time: | 10:35 AM | Signed For By: | R.Roxy |
| Signature: | | | |

**Transit Notes**

| Date/Time | Note |
|---|---|
| 12/04/19 12:16 AM | ARRIVAL SCAN - DELIVERY SCHED FOR 12/04/2019 |
| 12/04/19 05:00 AM | SCANNED AT DELIVERY DEPOT |
| 12/04/19 09:36 AM | ON ROUTE FOR DELIVERY |
| 12/04/19 10:35 AM | SHIPMENT DELIVERED |

# Shipment Tracking Information

**Here are your Shipment Details:**

| | | | |
|---|---|---|---|
| **Ship To Name:** | CSP, LOS ANGELES COUNTY | | |
| **Ship To Location:** | LANCASTER, CA | | |
| **Delivery Status:** | DELIVERED | **Tracking Number:** | 547133411 |
| **Ship Date:** | 12/3/2019 | **Reference:** | ADAMS - P65157 |
| **Delivery Date:** | 12/4/2019 | **Service:** | CPS |
| **Delivery Time:** | 10:35 AM | **Signed For By:** | R.Roxy |
| **Signature:** | | | |



**Transit Notes**

| Date/Time | Note |
|---|---|
| 12/04/19 12:14 AM | ARRIVAL SCAN - DELIVERY SCHED FOR 12/04/2019 |
| 12/04/19 05:00 AM | SCANNED AT DELIVERY DEPOT |
| 12/04/19 09:36 AM | ON ROUTE FOR DELIVERY |
| 12/04/19 10:35 AM | SHIPMENT DELIVERED |

# Shipment Tracking Information

**Here are your Shipment Details:**

| | | | |
|---|---|---|---|
| **Ship To Name:** | CSP, LOS ANGELES COUNTY | | |
| **Ship To Location:** | LANCASTER, CA | | |
| **Delivery Status:** | DELIVERED | **Tracking Number:** | 547133406 |
| **Ship Date:** | 12/3/2019 | **Reference:** | ADAMS - P65157 |
| **Delivery Date:** | 12/4/2019 | **Service:** | CPS |
| **Delivery Time:** | 10:35 AM | **Signed For By:** | R.Roxy |
| **Signature:** | | | |

**Transit Notes**

| Date/Time | Note |
|---|---|
| 12/04/19 12:15 AM | ARRIVAL SCAN - DELIVERY SCHED FOR 12/04/2019 |
| 12/04/19 04:58 AM | SCANNED AT DELIVERY DEPOT |
| 12/04/19 09:36 AM | ON ROUTE FOR DELIVERY |
| 12/04/19 10:35 AM | SHIPMENT DELIVERED |

# Shipment Tracking Information

**Here are your Shipment Details:**

| | | | |
|---|---|---|---|
| **Ship To Name:** | CSP, LOS ANGELES COUNTY | | |
| **Ship To Location:** | LANCASTER, CA | | |
| **Delivery Status:** | DELIVERED | **Tracking Number:** | 547133408 |
| **Ship Date:** | 12/3/2019 | **Reference:** | ADAMS - P65157 |
| **Delivery Date:** | 12/4/2019 | **Service:** | CPS |
| **Delivery Time:** | 10:35 AM | **Signed For By:** | R.Roxy |
| **Signature:** | | | |

**Transit Notes**

| Date/Time | Note |
|---|---|
| 12/04/19 12:17 AM | ARRIVAL SCAN - DELIVERY SCHED FOR 12/04/2019 |
| 12/04/19 04:58 AM | SCANNED AT DELIVERY DEPOT |
| 12/04/19 09:36 AM | ON ROUTE FOR DELIVERY |
| 12/04/19 10:35 AM | SHIPMENT DELIVERED |

# Shipment Tracking Information

**Here are your Shipment Details:**

| | | | |
|---|---|---|---|
| Ship To Name: | CSP, LOS ANGELES COUNTY | | |
| Ship To Location: | LANCASTER, CA | | |
| Delivery Status: | DELIVERED | Tracking Number: | 547133410 |
| Ship Date: | 12/3/2019 | Reference: | ADAMS - P65157 |
| Delivery Date: | 12/4/2019 | Service: | CPS |
| Delivery Time: | 10:35 AM | Signed For By: | R.Roxy |
| Signature: | | | |

**Transit Notes**

| Date/Time | Note |
|---|---|
| 12/04/19 12:14 AM | ARRIVAL SCAN - DELIVERY SCHED FOR 12/04/2019 |
| 12/04/19 04:59 AM | SCANNED AT DELIVERY DEPOT |
| 12/04/19 09:36 AM | ON ROUTE FOR DELIVERY |
| 12/04/19 10:35 AM | SHIPMENT DELIVERED |

# SHIPPING AIR BILL

**1 FROM**

DATE

COMPANY CALIF MENS COLONY

ADDRESS HIGHWAY 1

ADDRESS

CITY SAN LUIS OBISPO  STE/ROOM  ZIP CODE 93409

SENDERS NAME  PHONE NUMBER (805) 547-

**2 TO**

COMPANY Pason Gate Prison

NAME

ADDRESS 900 PRSN ROAD

ADDRESS

CITY Paenca, CA  STE/ROOM  ZIP CODE 95671

**3**
YOUR INTERNAL BILLING REFERENCE WILL APPEAR ON YOUR INVOICE

SPECIAL INSTRUCTIONS: ATN. APPEALS COORDINATOR

**4 PACKAGE INFORMATION**

☐ LETTER (MAX 8 OZ)

☐ PACKAGE (WT)

☐ DECLARED VALUE $_____

☐ COD AMOUNT $_____
(CASH NOT ACCEPTED)

**GSO** **GLS**

**PACKAGE LABEL**

1-800-322-5555
www.gso.com

**5 DELIVERY SERVICE**

☐ PRIORITY OVERNIGHT BY 10:30 AM
☐ EARLY PRIORITY BY 8:00 AM
☐ SATURDAY DELIVERY

*Delivery times may be later in some areas. Visit www.gso.com for actual delivery times.

**6 RELEASE SIGNATURE**

SIGN TO AUTHORIZE DELIVERY WITHOUT OBTAINING SIGNATURE

**7 PICK UP INFORMATION**

| TIME | DRIVER # | ROUTE # |
|------|----------|---------|

GSOAB109114346

RECEIVED FEB 12 2020

**8 GSO TRACKING NUMBER** GSOAB109114346

PEEL OFF HERE

PLEASE PRESS FIRMLY

Exhibit 4

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**CRIME / INCIDENT REPORT**
**PART C2 - REVIEW NOTICE**
CDCR 837-C2 (Rev. 10/15)

| | | | | INCIDENT LOG NUMBER |
|---|---|---|---|---|
| | PAGE | 1 | Of | 1 | CMC-19-09-0327 |

| NAME:   LAST | FIRST | MI |
|---|---|---|
| CATALINA | V. | T. |

Your Report Concerning The Above Referenced Incident Has Been Reviewed And The Following Information Is Required:

☒ Prepare a CDCR 837-C1 Crime/Incident Report Part C1 - Supplement clarifying the issues listed below;

☐ Prepare a CDCR 837-C1 Crime/Incident Report Part C1 - Supplement providing additional information regarding the issues listed below;

☐ Prepare a CDCR 837-A1 Crime/Incident Report Part A1 - Supplement clarifying the issues listed below;

☐ Prepare a CDCR 837-A1 Crime/Incident Report Part A1 - Supplement amending the information regarding the issues listed below;

DUE BY:   10/6/19        RETURN TO:   LT. H. BLAGG

**NARRATIVE:**

Q1. Where were you when Inmate Adams grabbed Officer J. Lewis?

Q2. Did you see Inmate Adams grab Officer Lewis' wrist?

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL CDCR 837-C2

| NAME OF REVIEWER (PRINT) | TITLE | REVIEWER SIGNATURE | DATE |
|---|---|---|---|
| H. BLAGG | LT. | | 10/4/2019 |

DISTRIBUTION:   Original: Incident Package   Copy: Reporting Employee   Copy: Reviewing Supervisor

**PART C1 - SUPPLEMENT**
CDCR 837-C1 (Rev. 10/15)

| | PAGE 1 Of 1 | INCIDENT LOG NUMBER CMC-EAS-19-09-0327 |
|---|---|---|

| NAME: LAST CATALINA | FIRST V. | MI T. |
|---|---|---|

TYPE OF INFORMATION:
□ CONTINUATION OF REPORT        ☒ CLARIFICATION OF REPORT        □ ADDITIONAL INFORMATION

NARRATIVE:

Q1. Where were you when Inmate Adams grabbed Officer J. Lewis?

A1. I was directly behind Officer Lewis and ADAMS was directly in front of Officer Lewis.

Q2. Did you see Inmate Adams grab Officer Lewis' wrist?

A2. Due to my placement directly behind Officer Lewis and Inmate ADAMS, I did not see Inmate ADAMS batter Officer Lewis.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITONAL CDCR 837-C1.

| SIGNATURE OF REPORTING STAFF | TITLE CORRECTIONAL OFFICER | BADGE # / ID # | DATE 10/4/2019 |
|---|---|---|---|

| NAME AND TITLE OF REVIEWER (PRINT/SIGNATURE) H. Blagg C T | DATE RECEIVED 10-4-19 | CLARIFICATION NEEDED ☐ YES ☐ NO | APPROVED ☒ YES ☐ NO | DATE 10.4.19 |
|---|---|---|---|---|

DISTRIBUTION: Original: Incident Package   Copy: Reporting Employee   Copy: Reviewing Supervisor

Exhibit 5

**Patient Summary**



| | | | | | | | |
|---|---|---|---|---|---|---|---|
| CDCR: | P65157 | Institution: | CMC | Complex Care: | √ | Allergies: | √ |
| PID: | 11111137 | Arrival Date: | 12/09/2019 | Clinical Risk: | HIGH 1 | POLST: | 08/14/2019 |
| Name: | Adams | EPRD: | - | Mental Health: | CCCMS | Adv. Directive: | - |
| Birth Date: | 12/27/1956 | Cell Bed: | C  006 1166001L | Dental Code: | 4 | PC2604: | - |
| Height: | 6ft 0in | Care Team: | East 51-75 | TB Status: | No LTBI | MSF Eligible: | - |
| Weight: | 200 lbs | Housing: | GP | Cocci: | Restricted 2 | | |

### Screenings

| | | | | | |
|---|---|---|---|---|---|
| Breast CA | N/A | Syphilis | N/A | HIV | 07/05/17 |
| Cervical CA | N/A | Chlamydia | N/A | HBV/Ab | 07/02/18 |
| Colon CA | 04/02/19 | Gonorrhea | N/A | HBV/Ag | 07/02/18 |
| TB | 10/17/19 | Diabetes | DM | HCV | 07/02/18 |
| Cocci | | HTN | HTN | Osteoporosis | N/A |
| Pregnancy | N/A | Obesity | 01/27/20 | | |

Patient:     **ADAMS, RONALD LEE**
DOB/Age/Sex: 12/27/1956 / 63 years     / Male          CDCR: P65157

| *Problems* |
|---|

Problem Name: **Lichen simplex chronicus** (Qualifier: )
Last Updated: 3/16/2017 09:14 PDT; Pido,Susan P&S

**Classification:** Medical; **Confirmation:** Confirmed; **Course:** ;
**Onset Date:** ; **Status Date:** ; **Prognosis:** ; **Persistence:**

Last Reviewed: 12/19/2019 15:27 PST
**Responsible Provider:** Pido,Susan P&S

Life Cycle Date: 3/16/2017
**Life Cycle Status:** Active

Problem Name: **Nonischemic cardiomyopathy** (Qualifier: )
Last Updated: 3/16/2017 09:17 PDT; Pido,Susan P&S

**Classification:** Medical; **Confirmation:** Confirmed; **Course:** ;
**Onset Date:** ; **Status Date:** 3/16/2017; **Prognosis:** ;
**Persistence:**

Last Reviewed: 12/19/2019 15:27 PST
**Responsible Provider:** Pido,Susan P&S

Life Cycle Date: 3/16/2017
**Life Cycle Status:** Active

**C:** 3/16/2017 09:17 PDT; Pido, Susan P&S; Ejection fraction of 15-20%.. Last seen by cardiologist June 17, 2016 with
recommendations to continue spironolactone, carvedilol 12.5 twice a day, lisinopril 2.5 mg a day and consider Lasix if
symptoms.

Problem Name: **POLST (Physician Orders for Life-Sustaining Treatment)** (Qualifier: )
Last Updated: 9/23/2019 12:53 PDT; Bulosan,Donah P&S

**Classification:** Medical; **Confirmation:** Confirmed; **Course:** ;
**Onset Date:** ; **Status Date:** ; **Prognosis:** ; **Persistence:**

Last Reviewed: 12/19/2019 15:27 PST
**Responsible Provider:** Bulosan,Donah P&S

Life Cycle Date:
**Life Cycle Status:** Active

Problem Name: **Unspecified depressive disorder** (Qualifier: )
Last Updated: 4/9/2019 10:34 PDT; Vidad,Felizon
Psychologist

**Classification:** Mental Health; **Confirmation:** Confirmed;
**Course:** ; **Onset Date:** 4/9/2019 (62 years); **Status Date:**
4/9/2019; **Prognosis:** ; **Persistence:**

Last Reviewed: 12/19/2019 15:27 PST
**Responsible Provider:** Vidad,Felizon Psychologist

Life Cycle Date:
**Life Cycle Status:** Active

Problem Name: **Vitamin B deficiency** (Qualifier: )
Last Updated: 9/23/2019 12:53 PDT; Bulosan,Donah P&S

**Classification:** Medical; **Confirmation:** Confirmed; **Course:** ;
**Onset Date:** ; **Status Date:** ; **Prognosis:** ; **Persistence:**

Last Reviewed: 12/19/2019 15:27 PST
**Responsible Provider:** Bulosan,Donah P&S

Life Cycle Date:
**Life Cycle Status:** Active

---

**WARNING:** This report contains confidential, proprietary, and/or legally privileged
information intended for the recipient only.

Exhibit 6

State of California

Department of Corrections and Rehabilitation

# Memorandum

Date:   March 19, 2020

To:      ADAMS, CDC #P65157
         Facility D, 022 1 008005L
         California State Prison – Solano

Subject: **SECOND LEVEL APPEAL RESPONSE LOG NUMBER LAC-S-19-06028**

### APPEAL ISSUE
The Appellant states Administrative Segregation Unit (ASU) has been experiencing inadequate air temperatures.

### APPEAL REQUEST
The Appellant requests that adequate air temperatures be maintained in ASU, monetary compensation be provided in the amount of $10,000, and a copy of ASU's Temperature Log Book and Maintenance Records from October 17, 2019 to December 9, 2019.

**REGULATIONS** The rules governing this issue are:

**California Department of Corrections and Rehabilitations Facility Planning, Construction and Management Design Criteria Guidelines Manual Volume II, Division 23 Table 23 06 00-1,** States the temperature range for housing units level I-IV and segregated is 68 degrees F. to 89 Degrees F.

### SUMMARY OF INQUIRY
On January 3, 2020, Chris Weilbacher, Stationary Engineer, conducted a telephone interview with the Appellant. At the time of the interview, it was explained that the heating system for ASU Building was functioning as designed. Building internal temperatures were checked and set to 72 degrees F., which is within design standards.

### APPEAL DECISION
This appeal is Partially Granted at the Second Level Review. The air handling units are operational. Housing unit temperatures are within design standards. The Appellant's request for a copy of Plant Operation's maintenance records is Denied due to maintenance records are not provided to offenders. The Appellant's requests for a copy of the ASU Building's Temperature Log Book and monetary compensation in the amount of $10,000 is beyond the scope of the appeals process.

If Appellant is dissatisfied with the Second Level Response he may submit for a Director's Level of Review by completing Section F of the Form 602.


D. ULSTAD
Chief Deputy Warden
California State Prison, Los Angeles County

**CALIFORNIA DEPARTMENT OF CORRECTINS AND REHABILITATION**

**CALIFORNIA STATE PRISON – LOS ANGELES COUNTY**

**FIRST LEVEL REPONSE**

| | |
|---|---|
| **NAME / NUMBER:** | ADAMS/P65157 |
| **APPEAL LOG NUMBER** | LAC-S-19-06028 |
| **INTERVIEWED BY:** | C. WEILBACHER |
| **APPEAL ISSUE:** | LIVING CONDITIONS |
| **APPEAL DECISION:** | PARTIALLY GRANTED |

**APPEAL ISSUE:**

Your appeal states, ASU Building has been experiencing inadequate air temperatures.

**APPEAL REQUEST:**

Your appeal requests that adequate air temperatures be provided, temperature logs be provided to you and monetary compensation be provided for cruel and unusual punishment.

**INTERVIEW:**

A phone interview was conducted on January 3, 2020.  The interview was conducted by Stationary Engineer C. Weilbacher.  During this interview, Stationary Engineer Weilbacher explained that the heating system for ASU Building was functioning as designed and building temperatures were being monitored. Building internal temperatures were checked and set to 72 degrees, which are within design standards. Plant Operations will continue to monitor the temperature for all buildings to ensure proper operation.

**FINDINGS:**

Plant Operations reviewed this issue and found that the heating system has been functioning as designed. The maintenance records for this buildings heating system indicate the forced air heating system has been serviced at proper intervals and is functioning at optimal performance. There are no temperature logs for the ASU building. Plant Operations relies on demand work orders to correct issue with the HVAC systems.

**APPEAL DECISION:**

This appeal is Partially Granted at the First Level of Review. Adequate air temperatures are provided to your cell. As temperatures are not currently logged within the ASU building, a log history cannot be provided. Monetary compensation cannot be authorized as it is beyond the scope of the appeals process.

C. Weilbacher
Stationary Engineer
California State Prison – Los Angeles County

DATE   1/9/2020

T. LEWANDOWSKI
Associate Warden, Business Services
California State Prison – Los Angeles County

DATE   1/9/2020

Exhibit 7



CALIFORNIA DEPARTMENT *of*
Corrections and Rehabilitation

# CLASSIFICATION COMMITTEE CHRONO

| | | | |
|---|---|---|---|
| **Inmate Name:** | ADAMS, RONALD L. | **Date:** | 02/20/2020 |
| **CDC#:** | P65157 | **Date of Birth:** | 12/27/1956 |
| **Control Date:** | 10/26/2029 | **Control Date Type:** | Minimum Eligible Parole Date |

| | | | |
|---|---|---|---|
| **Hearing Date:** | 02/20/2020 | **Hearing Type:** | Initial UCC; Transfer |
| **Committee Type:** | Initial Unit Classification Committee | **Correctional Counselor:** | M. Strand |

**STATIC CASE FACTORS**

**CRITICAL CASE FACTORS**

## CLINICIAN COMMENTS

## COMMITTEE ACTION SUMMARY

INITIAL / ANNUAL / TRANSFER REVIEW: REFER TO CSR FOR NON-ADVERSE TRANSFER TO CMC-II(CCCMS)(NDPF) W/ ALT CIM-II(CCCMS)(NDPF). RELEASE TO FOL-II PENDING TRANSFER, CONT MED A CUSTODY, WG/PG: A1/A 01/17/2020, DC CLEAR, WCC: DENIED(MED). P/O SS W/L.

## COMMITTEE COMMENTS

Inmate ADAMS, (Subject or S), appeared before and was introduced to this Initial Classification Committee on this date for his initial review. S waived advanced written notice of this hearing. S is a 63 year-old, BLK, second-termer, received into CDCR on 01/04/2000 from Los Angeles County (County of Last Legal Residence) subsequent to a conviction for Carjacking (third striker) and Vehicle theft (third striker), and was sentenced to Life with parole. Folsom State Prison received S for Level II placement on 02/07/2020 from California Men's Colony via CTF and San Quentin as a result of a non-adverse transfer. S's MEPD of 10/26/2029 and placement score of 19 are noted. S has a Mandatory Minimum Placement Score of 19 based on a VIO A.D. and R-suffix.

ANNUAL REVIEW PERIOD:
S's Preliminary Score remained at 15 as a result of unfavorable programming during annual review period 03/01/2019 to 02/28/2020. The first 6-month review period was documented on score sheet dated 11/25/2019. During the second 6-month review period, S received no 6-month periods of minimum custody, no 6-month periods of disciplinary free behavior, and although he was assigned fulltime at the beginning of the review period, he was unassigned due to ASU placement for a Battery on Peace Officer; therefore, no 6-month periods of work credit.

CASE FACTORS:
TABE: 04.6 as of 10/24/2013, has a verified HS Diploma. Integrated Housing: Racially Eligible (RE).
MHSDS LOC: CCCMS as of 09/25/2012. MDO: S does not meet offense criteria.
Dental Priority: 4, as of 08/15/2019. Transport Precaution: 92, as of 02/10/2020. DDP: NCF, as of 02/09/2000. Food Handling: Yes, as of 05/01/2014.
DPP/Accommodations/DME: DLT, Ground floor-limited stairs, lower bunk, eyeglasses, therapeutic shoes, as of 02/10/2020.
Medical: OP, Frequent Basic Consultation, Limited Duty, High Risk, Low-Intensity Nursing, Cocci 2 as of 02/10/2020.
H/W/D: Clear. Requirements to Register: PC290. PC1202.05: N/A. PC296: Completed. PC 3058.6: Required. PC 3058.8: N/A.
Sex: PC 290 registrant. Escape: Clear. Arson: Clear. STG: None.
Offender Separation Alerts: Non-confidential separations noted. Confidential File: Noted and reviewed.
Discipline History: Recent RVRs dated 03/25/2017 "Unauthorized acquisition of state property" (Div E), 04/01/2019 "Disrespect w/out potential" (Chrono), 07/15/2019 "Out of bounds" (Chrono), and 09/27/2019 "Battery on a peace officer" (Div B) ordered re-issued, pending adjudication.
CSRA: 1 Low. COMPAS completed 12/14/2015.
Substance Abuse: Low; Educational Problems: Low, TABE 04.6, HSD;
Criminal Personality: Low; Employment Problems: Low;
Anger: Low; Support from Family of Origin: Low.
Computer Restrictions: No computer related crimes. Visiting Restrictions: No Family Visits per CCR 3177(b)(1), PC290 registrant for PC288A(C) conviction dated 02/08/1981.

PREA: During UCC, the completed PREA Screening tool was reviewed and S was asked if he had any additional relevant information that should be considered for future housing and/or program/work assignments. S stated he has no additional information to provide and feels housing placement/programming are appropriate at this time.

VIO AD REMOVAL REVIEW: Upon review, the following case factors make S ineligible for VIO A.D. removal: has an R-suffix. S's VIO status remains appropriate [CCR: 3375.2(b)(28)(J)(1)-(4)].

MINIMUM CUSTODY (PC2933 ineligible): The following case factors make S ineligible for minimum custody placement: VIO A.D. and R-suffix.

DOUBLE/SINGLE CELL/DORM HOUSING: A review of S's case factors, including disciplinary history, revealed no prior in cell violence, predatory behavior toward other inmates or staff, nor any case factors indicating S is not compatible with double cell or dorm housing. Committee notes S has been double cell housed since reception in CDCR. S is clear for Double Cell and Dormitory housing.

NON-DESIGNATED PROGRAM FACILITY: S was informed many CAMP, MSF, Level II, EOP LOC, and Level III facilities have been transitioned or will be transitioning to a Non-Designated Programming Facility (NDPF). The expectations that all inmates at a NDPF will program together within facility and comply with integrative housing expectations, regardless of prior General Population (GP) or Sensitive Needs Yard (SNY) programming, was explained to S. S AGREED to the NDPF expectations.

TRANSFER REVIEW: On 02/10/2020, a DPP Disability/Accommodation Chrono was entered into S's file, placing a Permanent housing restriction of DPP DLT and Ground Floor-Limited stairs with an expiration date of 12/31/9999. S is no longer appropriately housed at Folsom State Prison; therefore, S's case will be referred to CSR for non-adverse transfer to a more suitable institution to accommodate S's medical needs, specifically CMC-II(CCCMS) (NDPF) with alternate of CIM-II(CCCMS)(NDPF). Transfer recommendation based on maintaining ties with family in southern California. UCC advised S that the committee recommendation is just that, a recommendation, and due to Departmental need at the time, the CSR may elect to transfer to a location neither requested by S nor recommended by the committee. OSA at RJD facility C (Level IV-270) is noted; however, S would be housed on the Level II Dorm yard Facility E.

COMMENTS: S's current case factors meet the criteria for Level II placement.
S has one prior CDC number with archive file reviewed on 08/06/2001 (C43417). No ESC/ARS/STG noted; however, SEX/ENE/VIO is noted.
Automatic R-suffix noted for PC288a(c) and PC261.2 dated 02/08/1981
Automatic VIO noted for PC288a(c) dated 02/08/1981
Casework follow-up: Pending rehearing of RVR dated 01/07/2020 (originally 09/27/2019) for Battery on a Peace Officer, CMC remains responsible. ICC review may be necessary upon adjudication.
Annual review is due 03/02/2020 and will be left for receiving institution to allow him to establish a program at an institution he will remain at.
Notification in Case of Inmate Death, Separation Alerts, and Classification Scoresheet have been updated as needed.
UCC acts to REFER TO CSR FOR NON-ADVERSE TRANSFER TO CMC-II(CCCMS)(NDPF) W/ ALT CIM-II(CCCMS)(NDPF). RELEASE TO FOL-II PENDING TRANSFER, CONT MED A CUSTODY, WG/PG: A1/A 01/17/2020, DC CLEAR, WCC: DENIED(MED). P/O SS W/L.

S stated he agrees with the committee action and was advised of his right to appeal this committee action.

Next Reclassification: A/R 03/01/2020. Next BPH Hearing: Initial NLT 09/09/2024.

**RECORDER**

| | M. Strand | | 02/20/2020 |
|---|---|---|---|
| | | | Date |

**CHAIRPERSON**

| | H. Saldana | | 02/20/2020 |
|---|---|---|---|
| | | | Date |

CDCR SOMS ICCT162 - Classification Committee Chrono

Exhibit

8

STATE OF CALIFORNIA - DEPARTMENT OF CORRECTIONS AND REHABILITATION                    GAVIN NEWSOM, GOVERNOR

**BOARD OF PAROLE HEARINGS**
P.O. BOX 4036
SACRAMENTO, CA 95812-4036



September 16, 2019


ADAMS, RONALD LEE #P65157
C 006 1174001L
CMC-C


Dear Mr. Adams:

This is in response to your letter received by the Board of Parole Hearings on September 4,
2019, inquiring about the scheduling of your parole suitability hearing based on the granting of your writ
of habeas corpus.

You are currently serving a sentence under the Three Strikes law and you are required to register under
Penal Code section 290. You filed a writ of habeas corpus challenging your exclusion from the
nonviolent parole process, which was granted based on In re Gadlin.  Currently, the court decision in In
re Gadlin, regarding whether nonviolent third strikers who are required to register under Penal Code 290
are eligible for the nonviolent parole process under Proposition 57, is pending review before the
California Supreme Court.

Because Gadlin is pending review, your case was deferred pending consideration and disposition of that
case. Further, because the Gadlin decision is not final, the current regulations exclude inmates, such as
you, who must register under Penal Code section 290 from the nonviolent offender parole process.
Therefore, at this time, you are not scheduled for a parole suitability hearing.  Your elderly parole
eligibility date (EPED) is March 9, 2024.  Typically, parole suitability hearings based on an inmates'
EPED are scheduled approximately six months after their EPED date.

Sincerely,

M. Shimada
Senior Staff Attorney
Board of Parole Hearings

# PROOF OF SERVICE BY MAIL

## BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, _Ronald Adams_____, declare:

I am over 18 years of age and a party to this action. I am a resident of _California State_

_Prison Solcno_____Prison,

in the county of _Solcno_____,

State of California. My prison address is: _2100 Peaboly Road_____,

_P.O. Box 4000  Vacville CA. 95696 - 4000_____.

On _4 - 16 - 2020_____,
        (DATE)

I served the attached: _Civil Rishts Complcint  To The United States_

_District Court. Motion Declaration For Inruminent denisd_
Declaration For Inrarint Prorecuts trun Mccout
(DESCRIBE DOCUMENT)

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage

thereon fully paid, in the United States Mail in a deposit box so provided at the above-named correctional

institution in which I am presently confined. The envelope was addressed as follows:

I declare under penalty of perjury under the laws of the United States of America that the foregoing

is true and correct.

Executed on _4 - 16  2020._            _Ronald Ade_____.
              (DATE)                    (DECLARANT'S SIGNATURE)