UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD LEE ADAMS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　Defendants. | No.  2:20-cv-0858 DB P<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that he has been denied contact visits with family members because of a classification error in violation of his Eighth and Fourteenth Amendment rights. Presently before the court is plaintiff's motion to proceed in forma pauperis. (ECF No. 5.) For the reasons set forth below, the court will recommend that plaintiff's motion to proceed in forma pauperis be denied.

**I.     In Forma Pauperis Statue**

The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action . . . [in forma paupers] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief

1

may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

This "three strikes rule" was part of "a variety of reforms designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good." Coleman v. Tollefson, 135 S. Ct. 1759, 1762 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007) (brackets in original)). If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from proceeding in forma pauperis unless he meets the exception for imminent danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). To meet this exception, the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015); Andrews, 493 F.3d at 1055.

## II. Has Plaintiff Accrued Three Strikes?

A review of actions filed by plaintiff reveal that plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless he was, at the time the complaint was filed, under imminent danger of serious physical injury. Judges in this court have previously found that plaintiff has accrued at least three strikes. See Adams v. Carcy, E.D. Cal. Case No. 2:07-cv-1878 JAM KJM P (ECF Nos. 31, 38); Adams v. Dept. of Corrections, E.D. Cal. Case No. 1:07-cv-0791 AWI GSA P (ECF Nos. 39, 45). The court takes judicial notice of those cases and plaintiff's prior filings described therein. Those cases include: (1) Adams v. Marshall, 91-cv-4224 RFP (N.D. Cal.) (dismissed with prejudice for failure to state a claim); (2) Adams v. Rowland, 91-cv-4090 RFP (N.D. Cal.) (dismissed for failure to state a claim with the court noting dismissal is appropriate when a claim is "based on a meritless legal theory or is clearly lacking in any factual basis" and when "a defense is complete and obvious from the face of the pleadings"); and (3) Adams v. Community Credit Union, 04-cv-0211 DT (SGL) (C.D. Cal.) (summarily dismissed because the § 1983 claim was based on actions taken by private individuals rather than state actors). The strikes described all occurred prior to plaintiff's initiation of the present action on April 4, 2020.[1]

---

[1] Under the prison mailbox rule, a document is deemed served on the date a prisoner signs the

2

### III.     Does Plaintiff Qualify for the Imminent Danger Exception?

Because plaintiff has accrued three strikes, plaintiff is precluded from proceeding in forma pauperis in this action unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. See Andrews, 493 F.3d at 1053. "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." Id. at 1057 n.11. Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998). That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

The court has reviewed plaintiff's complaint. (ECF No. 1.) Therein plaintiff alleges that the California Department of Corrections and Rehabilitation ("CDCR") prevented him from having contact visits with minors based on an error regarding a 1981 conviction. It appears the error has been corrected and plaintiff now seeks damages based on the alleged rights violations.

The allegations in the complaint fail to show that plaintiff was under imminent threat of serious physical injury at the time he filed the complaint. Accordingly, the court finds that plaintiff does not meet the imminent danger exception described in § 1915(g), and should only be allowed to proceed with this action if he pays the filing fee.

////

////

////

---

document and gives it to prison officials for mailing. See Houston v. Lack, 487 U.S. 266, 276 (1988).

### IV. Conclusion

For the foregoing reasons, the Clerk of the Court is HEREBY ORDERED to randomly assign a district judge to this action.

Further, IT IS RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 5) be denied;
2. The court find plaintiff accrued three strikes under 28 U.S.C. § 1915(g) prior to filing this action; and
3. The court order plaintiff to pay the $400 filing fee in order to proceed with this action.

These findings and recommendations will be submitted to the United States District Judge Assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in a waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 27, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Civil.Rights/adam0858.3strikes