UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD LEE ADAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　Defendants. | No. 2:20-cv-0858 JAM DB P<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that he has been denied contact visits with his niece and nephew because of a classification error in violation of his Eighth and Fourteenth Amendment rights. Presently before the court is plaintiff's complaint for screening. For the reasons set forth below, the court will recommend that the complaint be dismissed without leave to amend.

## BACKGROUND

　　　　Plaintiff initiated this action by filing the complaint and requesting to proceed in forma pauperis in April 2020. (ECF Nos. 1, 5.) The undersigned found that plaintiff had accrued three strikes under 28 U.S.C. § 19195(g) prior to filing this action and recommended that plaintiff's request to proceed in forma pauperis be denied. (ECF No. 6.) Those findings and recommendations were adopted by the district court. (ECF No. 10.) Plaintiff was ordered to pay the filing fee in full in order to proceed with this action. (Id.) Plaintiff has paid the filing fee in full. Accordingly, the court will now screen the complaint.

# SCREENING

## I. Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

////

////

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

### II.     Allegations in the Complaint

Plaintiff alleges that in 2003 he was informed during a classification hearing that he was no longer allowed to have contact visitation with any minor under the age of fourteen. (ECF No. 1 at 5.) Plaintiff filed an administrative grievance because he was denied visitation with is niece and nephew who were minors at the time. (Id. at 7.) He received a response that included an abstract of judgment from 1981 indicating plaintiff had been convicted of a violation of California Penal Code § 288a(c). Plaintiff claims the abstract of judgment incorrectly indicates that the victims of his crime were under the age of 14, but that the victims were actually adults. (Id. at 8.)

////

Plaintiff states that a California Department of Corrections and Rehabilitation (CDCR) regulation, California Code of Regulations, title 15 § 3177,[1] prohibits inmates who are sex offenders from having contact with minors. He states that the erroneous abstract of judgment has been used by prison officials to deny him contact visitation with family members under the age of fourteen for the past sixteen years.

### III. Plaintiff's Allegations Fail to State a Claim

Plaintiff claims he has been deprived of contact visitation in violation of his right to Due Process and his right to be free from cruel and unusual punishment.

#### A. Due Process

Plaintiff claims he has been improperly denied contact visitation because the 1981 abstract of judgment indicates the victim of that crime was a minor. However, even if the abstract of judgment were changed to reflect that the victims of the crime were adults, he still could not state a claim for violation of his right to due process.

The Fourteenth Amendment's Due Process Clause protects person against deprivations of life, liberty, or proper; and those who seek to invoke its procedural protect must establish that one of these interests is at stake. Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (quotation marks omitted). In order to state a cognizable due process claim, plaintiff must first establish the existence of a liberty interest for which protection is sought. A prisoner has a liberty interest protected by the Due Process Clause only where the restraint "'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting Sandin v. Connor, 515 U.S. 472, 484 (1985)). The Ninth Circuit has held that inmates have no protected interest in contact visitation. See Valdez v. Woodford, 308 Fed.App'x 181, 183 (9th Cir. 2009) (holding district court properly dismissed plaintiff's claim alleging prison's restriction of his right to visit with children due to his sex-

---

[1] The court notes that the regulation cited by plaintiff sets forth the standards for family visitation. The code section seemingly at issue is Cal. Code Regs., tit. 15 § 3173.1 which states in relevant part: "For inmates convicted of PC Section(s) 261, 264.1, 266c, 285, 286, 288, 288a, 288.5, or 289 when the victim is a minor, visitation with any minor who is not the victim of the crime shall be limited to non-contact status except as authorized by the Institution Classification Committee."

1  offender convictions because neither federal nor state law has created a protected interest in
2  visitation).

3  Further, "it is well-settled that prisoners have no constitutional right while incarcerated to
4  contact visits," Gerber v. Hickman, 291 F.3d 617, 621 (9th Cir. 2002), and courts have upheld
5  prohibitions on contact visits with minors under California Code of Regulations, title 15 § 3173.1.
6  See Shallow v. Molina, 572 Fed.App'x 545, 547 (9th Cir. 2014) (holding "district court properly
7  dismissed the Substantive Due Process and First Amendment claims based on the continued
8  restriction on contact visitation with minors because inmates possess no constitutional right to
9  contact visitation"); Knox v. Biter, No. 1:18-cv-0761 AWI SAB PC, 2018 WL 4039971, at *3
10 (E.D. Cal. Aug. 22, 2018), report and recommendation adopted, 2018 WL 6573225 (E.D. Cal.
11 Dec. 13, 2018) ("Plaintiff contends that he has been denied contact visitation with any minor . . .
12 Plaintiff fails to state a cognizable due process claim because he has not established a protected
13 liberty interest in such contact visitation); Brooks v. Macomber, No. 2:14-cv-0730 TLN AC, 2014
14 WL 4545951, at *2-3 (E.D. Cal. Sept. 12, 2014) (finding plaintiff failed to state a claim because
15 there is no constitutional right to contact visits where plaintiff was denied contact visits with
16 minor family members under § 3173.1).

17 Accordingly, the allegations in the complaint do not state a cognizable claim for violation
18 of plaintiff's due process rights.

19 **B. Eighth Amendment**

20 Plaintiff alleges the denial of contact visitation with minors amounts to cruel and unusual
21 punishment in violation of his rights under the Eighth Amendment.  (ECF No. 1 at 5.)
22 The Eighth Amendment prohibits the infliction of "cruel and unusual punishments."  U.S. Const.
23 amend. VIII.  Prison officials have a duty to ensure prisoners are provided adequate shelter, food,
24 clothing, sanitation, medical care, and personal safety.  Johnson v. Lewis, 217 F.3d 726, 731 (9th
25 Cir. 2000) (quotation marks and citation omitted).  To plead an Eighth Amendment claim,
26 prisoners must allege facts sufficient to plausibly show that officials acted with deliberate
27 indifference to a substantial risk of harm to their health or safety.  Farmer v. Brennan, 511 U.S.
28 825, 847 (1994).

1   Denial of contact visitation does not violate the Eighth Amendment. Toussaint v.
2   McCarthy, 801 F.2d 1080, 1113 (9th Cir. 1986), abrogated in part on other grounds by Sandin v.
3   Connor, 515 U.S. 472 (1985); see also Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996),
4   amended by 135 F.3d 1318 (9th Cir. 1998); Barnett v. Centoni, 31 F.3d 813, 817 (9th Cir. 1994).
5   The Supreme Court has held that a regulation restricting visitation does not "create inhumane
6   prison conditions, deprive inmates of basic necessities, or fail to protect their health or safety. Nor
7   does it involve the infliction of pain or injury, or deliberate indifference to the risk that it might
8   occur." Overton v. Bazzetta, 539 U.S. 126, 137 (2003).
9   Accordingly, plaintiff cannot state a claim for violation of his Eighth Amendment rights
10  based on denial of contact visitation.

**IV.    No Leave to Amend**

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is proceeding pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)).  However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.  The undersigned finds that plaintiff's allegations fail to state a cognizable claim for relief, and further amendment would be futile.  It is well settled that inmates have no right to contact visitation, Gerber, 291 F.3d at 621, and that denial of contact visitation does not violate the Eighth Amendment, Toussaint, 801 F.2d at 1113. Therefore, the court will recommend that the compliant be dismissed without leave to amend.

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY RECOMMENDED that the complaint (ECF No. 1) be dismissed without leave to amend.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days

after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 6, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Civil.Rights/adam0858.scrn